1. Daniel L. Pratt, Hillsdale.
2. Daniel Blackman, Cassopolis.
3. Jared Patchen, Detroit.
4. Samuel Higbee, Jackson.
5. Geo. Woodruff, Marshall.
6. James S. Dewey, Pontiac.
7. Josiah Turner, Owosso.
8. Louis S. Lovell, Ionia.
9. Charles R. Brown, Kalamazoo.
10. John Moore, Saginaw City.
11. Daniel Goodwin, Detroit.
12. Jeremiah O'Grady, Houghton.
13. Jonathan G. Ramsdell, Traverse City.
14. Augustine H. Giddings, Newaygo.
15. Charles Upson, Coldwater.
16. William T. Mitchell, Port Huron.

---

## EDSON TERRILL *vs.* CASSIUS G. GROVE.

In this State there is by statute no non-bailable *capias* by which suits may be commenced, but in all suits commenced by *capias* there must be endorsed on the writ an order to hold to bail, made by the Circuit Judge or Circuit Court Commissioner, on a proper affidavit.

2. This affidavit to hold to bail must be positive, and must make out a *prima facie* case against the defendant.

3. An affidavit to hold to bail in an action for alleged representations on a sale or exchange of lands, if such action may be commenced by *crpias*, should allege, in substance, that the defendant knew the representations to be false, and that they were made by him with the intent to deceive and defraud the pliantiff.

*Branch Circuit, October, 1870.*

This was a suit commenced by *capias*, claiming damages for

fraudulent representations in the sale or exchange of certain lands. An order to hold to bail had been obtained of a Circuit Court Commissioner, an affidavit made by the plaintiff, and the defendant had been arrested on the *capias* on which the order had been endorsed.

The writ was made returnable at the October term of the Circuit Court for the county of Branch, 1870.

The defendant, by his attorney, on the first day of the term moved the Court to quash and set aside the writ and the subsequent proceedings thereon, with costs, for the following reasons:

1st. There is no allegation in the affidavit upon which the order to hold to bail was granted; that the defendant knew the representations to be false at the time he made them.

2d. There is no allegation in the affidavit that the plaintiff trusted, relied upon, or believed the represetations to be true.

3d. There is no allegation in the affidavit that the representations were made by the defendant with an intent on the part of the defendant to cheat and defraud the plaintiff.

*C. B. Pratt*, Plaintiff's Attorney.

*C. C. Parker*, Attorney for Defendant.

The following is a copy of the affidavit on which the order to hold to bail was made by the Commissioner:

STATE OF MICHIGAN, ⎱ ss.
    BRANCH COUNTY   ⎰

Edson Terrill, of said county, being duly sworn, says that on the 2d day of June, A. D. 1870, he purchased of Cassius G. Grove, certain lands, described as follows, situate, lying and being in the county of Stone and State of Missouri, known and designated as follows, to wit: "The North East one quarter of Section twenty-five, in Township twenty-three, North range twenty-three West, containing one hundred and sixty acres, more or less." That said deponent paid said Cassius G. Grove for said above described premises, the house and lot then occupied and owned by this deponent, in the City of Coldwater, Branch County, Michigan, being described as lot number 17, in Cutler's addition to the City of Coldwater aforesaid, and that

said house and lot was worth at that time the sum of seventeen hundred dollars, and there was then upon said premises a mortgage amounting to the sum of nine hundred and twenty-two dollars, and this deponent further says that the said Missouri land above described was in the name of Flora J. Grove, wife of said Cassius G. Grove, and that said Cassius G. Grove in consideration of said sale as aforesaid to this deponent, caused his said wife to deed said premises, on the date aforesaid, by warranty deed to this deponent, and this deponent at the date aforesaid, deeded said house and lot to said Flora J. Grove, at the request of the said Cassius G. Grove, and this deponent further says that said Cassius G. Grove to induce this deponent to make said purchase, and to induce him to deed said house and lot to the said Flora J. Grove, did represent to this deponent, that said land so deeded to this deponent, was all good farming land, a part of which was prairie and a part of which was good timbered land, and that his wife had a good and perfect title of the same. All of which representations and statements were false and fraudulent, and by which said false and fraudulent statements and representations, he, the said Cassius G. Grove, in fraud of deponent's rights, did defraud deponent out of said house and lot, worth, as he believes, over and above said mortgage, the sum of eight hundred dollars.

Whereupon he prays the said Cassius G. Grove may be held to bail, &c.

EDSON TERRILL.

Subscribed and sworn to before me, this 7th day of October, A. D. 1870.

A. T. LAMPHERE,
Notary Public,
Branch County, Mich.

*By the Court*, UPSON, J.—To authorize the plaintiff to commence his action by *capias ad respondendum* in this case, under the statute, it was necessary for him to procure from the Circuit Judge or Circuit Court Commissioner, an order to hold to bail, to be endorsed on the writ, upon an affidavit to be made by the plaintiff or some person in his behalf, showing the nature of the plaintiff's claim. 2 *Comp. Laws*, § § 4121, 4122.

If not, and if this is an action for damages arising upon contract, express or implied, then the statute has made no provision for a *capias* in such cases of debt arising out of or founded on a contract, express or implied, where fraud is the gist of the action, as specified in Section 33, of Article 6, of the Constitution of this State, as § 4119, 2 *Comp. Laws,* does not include such a case in enumerating the instances in cases of contract in which a *capias* may issue.

This affidavit to hold to bail must be positive, and must make out a *prima facie* case against the defendant. *Saterlee vs. Lynch,* 6 *Hill,* 228.

See also note *a* to same case and the cases there cited. *Graham's Prac.,* 160; 1 *Tidd's Prac.,* 172; 1 *Sellon's Prac.,* 35.

The affidavit, to show a cause of action in this case, should have alleged in substance that the defendant knew the representations to be false, and that they were made by him with the intent to deceive and defraud the plaintiff. 1 *Chitty's Pl.,* 388; 2 *Chitty's Pl.,* 687; 3 *Term Reports,* 51; 2 *Wend.,* 385; 7 *Wend.,* 380; 11 *Wend.,* 374; 1 *Doug. Mich.,* 51.

This affidavit not containing any of these allegations, is fatally defective, and was insufficient to authorize an order to hold to bail and to justify the arrest of the defendant; and as under our practice in this State, as regulated by statute, if the arrest and special bail cannot both be required, a *capias* cannot be issued, and as under our statutes we have no non-bailable *capias* for the commencement of suits, (2 *Comp. Laws,* § § 4119, 4121 and 4122; *Green's Prac.,* § 115; *Ortman vs. Dustin,* 1 *Mich. Nisi Prius,* 101,) therefore the motion must be granted, and the *capias* in this case with the subsequent proceedings thereon must be set aside with costs, the defendant stipulating not to bring any suit against the plaintiff or the Sheriff.